UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAVIEN SALES,

                Plaintiff,

       -against-

CITY OF NEW YORK, NEW YORK, et al.,

                Defendants.

25-cv-5440 (LJL)

ORDER OF SERVICE

LEWIS J. LIMAN, United States District Judge:

Plaintiff LaVien Sales ("Plaintiff") brings this action *pro se* asserting violations of his federal constitutional rights under 42 U.S.C. § 1983, as well as claims under state law. He seeks damages and injunctive relief, and he sues: (1) the City of New York; (2) "41 Police Department," which the Court understands to be the New York City Police Department's ("NYPD") 41st Precinct, located in the Bronx, New York; and (3) unidentified "John Doe" and "Jane Doe" NYPD officers who are or were most likely assigned to the 41st Precinct.[1]

On July 9, 2025, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP")—that is, without prepayment of fees. Dkt. No. 4. For the reasons discussed below, the Court dismisses Plaintiff's claims against the 41st Precinct and his official-capacity claims under Section 1983 against the individual defendants as duplicative of his claims against the City of New York and for failing to state a claim upon which relief may be granted. The Court also requests that the City of New York waive service of a summons. The Court further directs the Corporation Counsel of the City of New York to provide to Plaintiff and to the Court the full identifies and badge numbers of the unidentified individual defendants specified in this Order.

---

[1] Plaintiff sues these individual defendants in their official and individual capacities.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised.  *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).  But the "special solicitude" owed to *pro se* parties, *id.* at 475 (citation omitted), has limits; to state a claim, *pro se* pleadings must still comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement demonstrating that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true.  *Id.*  But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions.  *Id.* (citing *Twombly*, 550 U.S. at 555).  After

2

separating legal conclusions from well-pleaded factual allegations, the Court must determine

whether those facts make it plausible—not merely possible—that the pleader is entitled to relief.

*Id.* at 679.

**DISCUSSION**

A.    **Plaintiff's Claims Against the 41st Precinct and His Official-Capacity Claims Against the Individual Defendants**

The Court must dismiss Plaintiff's claims against the 41st Precinct, a subsidiary of the

NYPD (which is itself an agency of the City of New York), because it is not an entity that can be

sued.  N.Y. City Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties

for the violation of any law shall be brought in the name of the city of New York and not in that

of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d

76, 93 n.19 (2d Cir. 2007); *Gordon v. Gordon*, 2025 WL 1517961, at *3 (S.D.N.Y. May 27, 2025)

("As an initial matter, any claims against the 79th Precinct or the NYPD itself must be dismissed

because an agency of the City of New York is not an entity that can be sued."); *see also Edwards*

*v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a

municipal agency that does not have the capacity to be sued under *its municipal charter*."

(emphasis in original)); *Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010)

("[A] plaintiff is generally prohibited from suing a municipal agency.").  The Court notes that

Plaintiff has also named the City of New York as a defendant in this action.  Thus, the Court

dismisses Plaintiff's claims against the 41st Precinct as duplicative of his claims against the City

of New York and for failing to state a claim upon which relief may be granted.  *See* 28 U.S.C. §

1915(e)(2)(B)(ii).

To the extent that Plaintiff asserts claims under Section 1983 against the individual defendants in their official capacities as NYPD officers, the Court must also dismiss these claims as duplicative of Plaintiff's claims against the City of New York and for failing to state a claim upon which relief may be granted.  *See id.*; *Coon v. Town of Springfield, Vt.*, 404 F.3d 683, 687 (2d Cir. 2005) ("[A Section] 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself."); *see also Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials . . . [because] local government units can be sued directly for damages and injunctive or declaratory relief.").

**B.    The City of New York**

The Court respectfully directs the Clerk of Court to electronically notify the NYPD and the New York City Law Department of this Order.  The Court requests that the City of New York waive service of a summons.

**C.    Unidentified "John Doe" and "Jane Doe" Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff supplies sufficient information to permit the NYPD to identify the following specified unidentified "John Doe" and "Jane Doe" defendants: those current and/or former members of the NYPD, including any current and/or former members of the NYPD who are or were assigned to the 41st Precinct, who: (1) arrested and charged Plaintiff with respect to accusations arising from a domestic dispute Plaintiff had with his girlfriend on an unspecified date; and/or (2) arrested and charged Plaintiff, in or about March 2022, with respect to an incident that occurred in a store.  It

is therefore ordered that the Corporation Counsel of the City of New York, who is the attorney

for and agent of the NYPD, must ascertain the full identities and badge numbers of each of the

unidentified "John Doe" and "Jane Doe" defendants who are specified in this order.  The

Corporation Counsel must provide this information to Plaintiff and to the Court within sixty days

of the date of this Order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint

naming the newly identified individuals as defendants and providing their badge numbers.  The

amended complaint will replace, not supplement, the original complaint.  An amended complaint

form that Plaintiff should complete is attached to this Order.  Once Plaintiff has filed an amended

complaint, the Court will screen the amended complaint and, if necessary, issue an order

requesting that the newly named defendants waive service of summonses.

## CONCLUSION

The Court respectfully directs the Clerk of Court to mail an information package to

Plaintiff.

The Court dismisses Plaintiff's claims against the 41st Precinct and his claims under 42

U.S.C. § 1983 against the individual defendants in their official capacities as duplicative of his

claims against the City of New York and for failing to state a claim upon which relief may be

granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court also respectfully directs the Clerk of Court to electronically notify the NYPD

and New York City Law Department of this Order.  The Court requests that the City of New York

waive service of a summons, and directs that the Corporation Counsel of the City of New York

respond as directed with respect to the abovementioned instructions, pursuant to *Valentin*.

5

An amended complaint form is attached to this Order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

 Dated:    August 18, 2025
              New York, New York

                                                    _____
                                                              LEWIS J. LIMAN
                                                         United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.



-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
                        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                            State                Zip Code

_____

Telephone Number                        Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                  State                  Zip Code

Defendant 2:

First Name                                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                  State                  Zip Code

Defendant 3:

First Name                                    Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                                  State                  Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                        State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were
harmed, and what each defendant personally did or failed to do that harmed you. Attach
additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical
treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.