

<table>
<tr><td><strong>MURIEL GOODE-TRUFANT</strong><br><em>Corporation Counsel</em></td><td style="text-align:center"><strong>THE CITY OF NEW YORK</strong><br><strong>LAW DEPARTMENT</strong><br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007</td><td style="text-align:right"><strong>GENE DIRKS</strong><br><em>Senior Counsel</em><br>Tel.: (212) 356-1681<br>Fax: (212) 356-3509<br>edirks@law.nyc.gov</td></tr>
</table>

<span style="color:blue">MOTION DENIED.</span>                                       February 11, 2026

<span style="color:blue">The Court will hold a Telephone Conference in this matter on April 27, 2026 at 2:00PM.  Parties are directed to dial into the Court's teleconference line at 646-453-4442 and use Conference ID# 358639322.</span>

<strong>By ECF</strong>
Honorable Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, N 10007

<span style="color:blue">4/10/2026</span>

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

Re:    <u>Lavien Sales v. City of New York, et al.</u>,
       25-CV-05440 (LJL)

Your Honor:

        I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel for the City of New York, and the attorney representing defendant City of New York in the above-referenced matter. Defendant respectfully writes to request that this case be dismissed for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), as Plaintiff has failed to comply with the Court's Order of December 18, 2025, or to otherwise participate in the litigation of this matter.

        By way of background, Plaintiff, who is proceeding <em>pro se</em>, brought this action pursuant to 42 U.S.C. § 1983, alleging, <em>inter alia</em>, violations of his federal constitutional rights, as well as state law claims, stemming from two separate arrests. (ECF Dkt. No. 1.) The first arrest occurred in March of 2022, in which Plaintiff was arrested in a store, and the second arrest occurred on an unspecified date, relating to a domestic incident with Plaintiff's girlfriend. (<u>Id</u>.) On August 18, 2025, the Court issued an Order of Service, which, <em>inter alia</em>, under <u>Valentin v. Dinkins</u>, 121 F.3d 72 (2d Cir. 1997), directed this Office to identify the John Doe and Jane Doe officers assigned to the 41st Precinct who: (1) arrested and charged Plaintiff with respect to the accusation arising from the domestic dispute on an unspecified date; and (2) arrested and charged Plaintiff for the March 2022 incident occurring in a store. (ECF Dkt. No. 6.) The Court further ordered that once this Office provided Plaintiff with the identities of the John and Jane Doe officers, Plaintiff must then file an amended complaint within thirty (30) days, which would replace, not supplement, the original complaint. (<u>Id</u>.)

        On November 3, 2025, the Court scheduled an initial Court conference, but Plaintiff failed to appear. (ECF Dkt. No. 17.) This was Plaintiff's second failure to appear in this matter, as he also did not appear at the pre-trial conference of October 9, 2025. (ECF Dkt. No. 13.) Nevertheless, following the most recent conference, the Court issued an Order stating that

given Plaintiff's failure to appear, defendant would have until December 16, 2025, to respond to the Court's <u>Valentin</u> Order, and identify the unknown officers. (<u>ECF Dkt. No. 17.</u>) Defendant was also instructed to provide the Court with a letter, indicating the status of the <u>Valentin</u> Order, also on December 16, 2025. (<u>Id</u>.)

On November 13, 2025, defendant wrote to the Court, requesting that its obligation to answer be held in abeyance, until Plaintiff amended his complaint. (ECF Dkt. No. 18.) This request was granted by the Court on November 18, 2025. (ECF Dkt. No. 19.)

Thereafter, on December 16, 2025, defendant filed a letter with the Court, requesting, *inter alia*, that the Court Order Plaintiff to provide an executed § 160.50 release to defendant, pertaining to Plaintiff's March 2022 arrest. (ECF Dkt. No. 20). This letter noted that the March 2022 arrest had been sealed, and defendant required the § 160.50 release to be executed, in order to gather the necessary records to comply with the Court's <u>Valentin</u> Order. (<u>Id</u>.) The letter also noted that defendant had sent the requisite forms to the Plaintiff several times, but had, at the time of writing, been wholly unsuccessful in obtaining said release. (<u>Id</u>.)

The Court endorsed this letter on December 18, 2025, Ordering Plaintiff to provide the necessary § 160.50 forms to defendant no later than January 23, 2026. (ECF Dkt. No. 21.) The Court also noted that failure to comply with this Order, without good cause, may result in dismissal of the complaint. (<u>Id</u>.)

To date, defendant has received no § 160.50 release from Plaintiff, which remains necessary for defendant to fully comply with the Court's <u>Valentin</u> order, and otherwise investigate this matter completely. This case cannot proceed without the Plaintiff's active participation. For all of these reasons, defendant respectfully requests the dismissal of this action for failure to prosecute pursuant to Rule 41(b).

The City thanks the Court for its time and consideration herein.

Respectfully submitted,

/s/ *Gene Dirks*

Gene Dirks
*Senior Counsel*
Special Federal Litigation Division
New York City Law Department
100 Church Street, Rm. 3-194
New York, NY 10007
212-356-1981
edirks@law.nyc.gov

Cc:    LaVien Sales (via First Class Mail)
        1216 Seneca Avenue, Apt. 1C
        Bronx, NY 10474
        *Pro se Plaintiff*